*E-Filed 8/23/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MICHAEL DIXON,

    Plaintiff,

    v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

    Defendants.

_____/

No. C 10-3296 RS (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

This is a federal civil rights action filed pursuant to 28 U.S.C. § 1983 by a pro se state prisoner. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

**A.**     **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica*

*Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting Twombly, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that defendants, officers and employees of San Francisco Sheriff's Department, violated his right to equal protection by providing inadequate access to the law library.

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an "actual injury." *See Lewis*, 518 U.S. at 350–55. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *See id*. at 354–55.

Plaintiff's complaint does not contain sufficient factual matter to state a claim to relief that is plausible on its face. Specifically, plaintiff has not alleged specific facts regarding an

1  actual injury, that the alleged lack of adequate access to the law library hindered his efforts to
2  perfect and pursue a <u>specific</u> legal action.  Rather, he alleges only that his lack of access to
3  the law library has made it difficult or impossible to respond to court orders in various
4  unnamed court actions.  This is insufficient to show actual injury.  Plaintiff must allege
5  specific facts detailing how his efforts to pursue a specific legal action or actions were
6  hindered by defendants.  Accordingly, the complaint is DISMISSED with leave to amend.
7  Plaintiff shall file an amended complaint within 30 days from the date this order is filed.
8  Failure to file an amended complaint by such time will result in dismissal of the action
9  without further notice to plaintiff.

10   The first amended complaint must include the caption and civil case number used in
11  this order (10-3296 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first
12  page.  Because an amended complaint completely replaces the previous complaints, plaintiff
13  must include in his first amended complaint <u>all</u> the claims he wishes to present and <u>all</u> of the
14  defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).
15  Plaintiff may <u>not</u> incorporate material from the prior complaint by reference.  Failure to file
16  an amended complaint in accordance with this order will result in dismissal of this action
17  without further notice to plaintiff.

18   It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
19  informed of any change of address by filing a separate paper with the clerk headed "Notice
20  of Change of Address."  He must comply with the Court's orders in a timely fashion or ask
21  for an extension of time to do so.  Failure to comply may result in the dismissal of this action
22  pursuant to Federal Rule of Civil Procedure 41(b).

23   **IT IS SO ORDERED**.
24  DATED:  August 23, 2010
25   _____
   RICHARD SEEBORG
   United States District Judge

No. C 10-3296 RS (PR)
ORDER DISMISSING COMPLAINT

3