*E-Filed 9/20/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MICHAEL DIXON,

           Plaintiff,

      v.

CITY AND COUNTY OF SAN
FRANCISCO, et al.,

           Defendants.

_____/

No. C 10-3296 RS (PR)

**ORDER OF DISMISSAL**

This is a federal civil rights action filed pursuant to 28 U.S.C. § 1983 by a *pro se* state prisoner. The original complaint was dismissed with leave to amend. The Court now reviews the amended complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*.

United States District Court
For the Northern District of California

§ 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting Twombly, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that defendants, officers and employees of San Francisco Sheriff's Department, violated his right to equal protection by providing inadequate access to the law library on August 26, 2010. Plaintiff asserts that he needed access to the law library at that time because he had to correct deficiencies in his complaint filed in this Court, CV-10-1036. The original complaint in that action was dismissed with leave to amend on March 26, 2010, and the amended complaint was dismissed, and the action closed, on April 27, 2010.

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an "actual injury." *See Lewis*, 518 U.S. at 350–55. To prove an actual injury, the prisoner must show that the

No. C 10-3296 RS (PR)
ORDER OF DISMISSAL

**United States District Court**
For the Northern District of California

1 inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim

2 concerning his conviction or conditions of confinement. *See id*. at 354–55.

3       Plaintiff's complaint does not contain sufficient factual matter to state a claim to relief

4 that is plausible on its face. Specifically, plaintiff has not alleged specific facts regarding an

5 actual injury, that the alleged lack of adequate access to the law library hindered his efforts to

6 perfect and pursue a specific legal action. He says that defendants' actions on August 26,

7 2010 prevented him from correcting the deficiencies of a complaint filed in another action.

8 That action, however, was dismissed well before that date, on April 27, 2010. There was no

9 pending action for which plaintiff needed to conduct legal research. Plaintiff having not

10 alleged facts that he suffered an actual injury, the action is DISMISSED.

11       The Clerk shall enter judgment in favor of defendants, and close the file.

12       **IT IS SO ORDERED**.

13 DATED: September 20, 2010

        RICHARD SEEBORG

14         United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28